UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| EMMANUEL ELDER, | ) | CASE NO. 1:13 CV 2326 |
|     Petitioner, | ) | JUDGE DAVID A. KATZ |
|     v. | ) | |
| STATE OF OHIO, et al., | ) | MEMORANDUM OPINION |
|     Respondents. | ) | |

On October 21, 2013, petitioner *pro se* Emmanuel Elder, an inmate at Richland Correctional Institution, filed the above-captioned petition for writ of habeas corpus under 28 U.S.C. § 2254. Mr. Elder challenges an indictment filed against him in the Cuyahoga County Court of Common Pleas. For the reasons stated below, the petition is denied and this action is dismissed.

*Background*

Mr. Elder was arrested March 13, 2013 and charged with Failure to Comply with Order, Signal of Police Officer under Ohio Revised Code (O.R.C.) § 2921.331.B. *See State v. Elder*, No.CR-13-573101-A (Ct. Com. Pl. Cuyahoga County)(Matia, J.) Eight days after Mr. Elder's arraignment, Judge Matia referred him to a court psychiatric clinic to determine his competence to stand trial in accordance with O.R.C. § 2945.371. Mr. Elder was released on his own recognizance, but failed to appear in court for his hearing on June 24, 2013. The surety was ordered to produce Mr. Elder before the court on or before August 24, 2013. Judge Matia also issued a capias for Mr. Elder.

When the surety, U.S. Specialty Insurance Company, failed to produce Mr. Elder by the date set, Judge Matia entered a $10,000 judgment against U.S Specialty in favor of the State of Ohio. U.S. Specialty later moved to Stay Execution of Bond Forfeiture Judgment pending Mr. Elder's return. On January 13, 2014, Judge Matia granted a stay for 180 days. That is the last entry on the State court's docket.

*Lack Jurisdiction*

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28

U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254(b).

Mr. Elder is in custody, but he is not attacking the conviction or sentence he is currently serving. Instead, he wants this Court to dismiss all charges pending against him in the Cuyahoga County Common Pleas Court. A federal court must decline, however, to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44–45 (1971). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). It is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 4.

All three factors support this Court's abstention. The issues presented in the petition are clearly the subject of a state court criminal matter, which is of paramount state interest. *See Younger*, 401 U.S. at 44–45. Furthermore, Mr. Elder has the opportunity to raise any defects in his criminal case in the state court. Accordingly, this Court must abstain from intervening in the state court proceedings.

Based on the foregoing, this action is dismissed pursuant to 28 U.S.C. §2243. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. FED.R.APP.P. 22(b); 28 U.S.C. § 2253.

IT IS SO ORDERED.

   S/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE